# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IVORY SUTTLE,

        Petitioner,

    v.                                      Case No. 05-C-0526

PHILLIP A. KINGSTON,

        Respondent.

## ORDER

On May 11, 2005, Ivory Suttle filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first-degree intentional homicide while armed and was sentenced to life imprisonment. He is currently incarcerated at Columbia Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner alleges three grounds for relief. First, he alleges that his trial counsel had a conflict of interest. Second, he claims that the prosecution knowingly presented false evidence at trial. Third, he claims that trial counsel was ineffective for failing to investigate an insanity defense.

Review of the petition reveals that it must be dismissed for at least two reasons. First, the petition is not timely. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date direct review concluded; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner's appeal was denied by the Wisconsin Supreme Court on July 24, 1998. (Pet. at 3.) He did not file an application for state post-conviction relief until October 17, 2000. The rights asserted by petitioner are not newly-created by the Supreme Court. Nothing in the petition or the supporting documentation permits the court to conclude that petitioner faced any impediment in filing the petition or that the factual predicates of his claims are newly-discovered.[1] The one-year period of limitations for federal habeas relief therefore expired on July 24, 1999.

---

[1]The evidence that purportedly supports petitioner's claim appears to be testimony from voir dire and trial.

2

Even if the petition were not time-barred, the court would still have to dismiss it because it is the fourth federal habeas petition that petitioner has filed. *See Suttle v. Wisconsin*, Case No. 04–0614 (E.D. Wis. July 6, 2004) (dismissed); *Suttle v. Bertrand*, Case No. 01-0344 (E.D. Wis. Dec. 9, 2002) (dismissed); Suttle *v. Bertrand*, Case No. 99-C-0638 (E.D. Wis. Oct. 7, 1999) (dismissed). 28 U.S.C. § 2244(b) forbids second or successive habeas petitions, even as to claims not presented in prior petitions, unless the petitioner moves for, and is granted, an order from the Seventh Circuit permitting this court to consider the petition.[2] 28 U.S.C. § 2244(b)(3). Petitioner provides this court with no such order.

**IT IS THEREFORE ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The clerk of court shall enter judgment accordingly.

Dated this  19th  day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[2]Second or successive petitions presenting claims identical to those in earlier petitions are absolutely barred. 28 U.S.C. § 2244(b)(1).

3