UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVORY LEE SUTTLE,

        Petitioner,

  v.                                                Case No. 05-C-0526
                                                      Appeal No.

PHILIP KINGSTON,

        Respondent.

## ORDER

        On June 6, 2005, habeas petitioner Ivory Lee Suttle filed a notice of appeal of my dismissal of his case. On June 8, 2005, he added a request for a certificate of appealability.

        Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

I dismissed petitioner's case not based on any of the underlying claims on the merits, but on the procedural grounds that it was untimely and that it was petitioner's fourth successive habeas petition. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. *Id.*

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484.

The petitioner is plainly barred on the procedural grounds identified by this court. A reasonable jurist could not conclude that this court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED.**

I decline to certify that the appeal has been taken in good faith.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI

53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   17th   day of June, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge